# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ANGELINA McAMIS,<br>     Plaintiff,<br>vs.<br>OFFICER LEFEBURE, *et al.*,<br>     Defendants. | Case No. 2:15-cv-00985-APG-CWH<br><br>**REPORT AND RECOMMENDATION** |

This matter was referred to this Court on Plaintiff Angelina McAmis's ("plaintiff") Application for Leave to Proceed In Forma Pauperis (doc. # 1), filed May 27, 2015.

## BACKGROUND

The claims in plaintiff's complaint arise from her arrest on December 5, 2012. Plaintiff alleges that she was subjected to excessive force during her arrest, resulting in a decision by the Clark County Detention Center ("CCDC") to admit plaintiff to the prison hospital for a period of ten days.

## DISCUSSION

**1. Application to Proceed In Forma Pauperis**

Plaintiff has submitted the affidavits required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. As such, plaintiff's request to proceed in forma pauperis is granted.  **2. Screening the Complaint**

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if

the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In cases in which a court dismisses a complaint under § 1915(e), plaintiff is generally given leave to amend, with instructions as to curing the complaint's deficiencies, unless it is clear from the face of the complaint that the deficiencies cannot not be cured by amendment. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

In this case, plaintiff asserts claims under 42 U.S.C. § 1983. Because § 1983 does not contain its own statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury claims. See Wilson v. Garcia, 471 U.S. 261, 279-80 (1985); Johnson v. State of California, 207 F.3d 650, 653 (9th Cir. 2000). In Nevada, the statute of limitations for personal injury actions is two years. See NRS § 11.190(4)(e); Perez v. Seevers, 869 F.2d 425, 426 (9th Cir. 1989). Consequently, the statutory period for bringing a § 1983 claim is two years from the date the cause of action accrues. See Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991) ("Federal law determines when a cause of action accrues and the statute of limitations begins to run for a § 1983 claim."). Under federal law, a cause of action accrues when a plaintiff "knows or has reason to know of the injury which is the basis of the action." Id.

Here, plaintiff's arrest occurred on December 5, 2012. Yet, plaintiff filed her complaint on May 27, 2015–two and a half years after the alleged incident. It therefore appears that plaintiff's claims are time-barred. Nevertheless, the Court will give plaintiff the opportunity to amend her complaint to show, for purposes of her § 1983 claims, that the instant complaint was filed within two years of the statute of limitations.

## CONCLUSION AND RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED** that plaintiff's Application for Leave to Proceed In Forma Pauperis (doc. # 1) be **granted**.

**IT IS FURTHER RECOMMENDED** that the Clerk of Court file plaintiff's complaint (doc. # 1-1) on the record.

**IT IS FURTHER RECOMMENDED** that plaintiff's complaint be **dismissed without prejudice**. Plaintiff shall have **thirty (30) days** to file an amended complaint showing that her § 1983 claims were

brought within two years of the statute of limitations. Failure to comply will result in a recommendation that this action be dismissed.

DATED: June 3, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**